## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS ASCIUTTO

        Plaintiff,

v.

ALLIED WASTE SYSTEMS, INC.
d/b/a GREAT LAKES WASTE SERVICES,
a Delaware corporation,

        Defendant.

_____/

CASE NO. 05-72243
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REMAND

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 2, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Order of Remand pursuant to 28

U.S.C. § 1447(c).  Plaintiff claims the amount in controversy is less than $75,000, and thus does not

meet the jurisdictional requirements of 28 U.S.C. § 1332(a).  Defendant has responded and Plaintiff

has replied to the response.  The Court finds that the facts and legal arguments are adequately

presented in the parties' papers and the decision process would not be significantly aided by oral

argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion

be resolved on the briefs submitted.  For the reasons set forth below, Plaintiff's Motion for Order

of Remand is DENIED.

## II. BACKGROUND

Plaintiff was employed by Defendant from April 21, 2003 until August 18, 2004, when he was terminated.[1]  Plaintiff brought suit against Defendant on May 9, 2005 in Wayne County Circuit Court, claiming that Defendant owed him money under a commission agreement.  In his complaint, Plaintiff alleged that the amount in controversy exceeded $25,000.  Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff subsequently filed a Motion for Order of Remand.  Plaintiff does not contest the existence of diversity, but rather claims the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332.

## III. LEGAL STANDARD

When the amount in controversy is challenged, the burden is on the removing defendant to prove, by the preponderance of the evidence, that the requirements of 28 U.S.C. § 1332 are met. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  Local Rule 81.1 applies when "the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332."  E.D. MICH. LR 81.1(a).  In that case, the removing defendant must:

> (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and
>
> (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation or state that the removing defendant has no such facts at that time.

E.D. MICH. LR 81.1(b).  If the plaintiff then wishes to remand, Local Rule 81.1(d) applies.

---

[1]The parties dispute the nature of Plaintiff's position; Plaintiff alleges he was employed as a sales representative, which Defendant denies.

2

> If a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate.

E.D. MICH. LR 81.1(d).

## IV.  ANALYSIS

Plaintiff claims that the allegation of the amount in controversy in Defendant's Notice of Removal is wholly conclusory, and thus cannot support jurisdiction.  However, Plaintiff's argument is unconvincing.  Defendant's Notice of Removal states "[t]he amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as Plaintiff seeks damages including, but not limited to, commissions on all sales of waste disposal services by Allied Waste Systems, Inc., in Michigan and Ohio."  Defendant's Notice of Removal at ¶4(c).  There is not an overabundance of detail here, but Defendant has nevertheless pled specific facts ("all sales...in Michigan and Ohio") that support the alleged amount in controversy.  In the principle cases relied on by Plaintiff, *National Nail Corp. v. Moore*, 139 F. Supp. 2d 848 (W.D. Mich. 2001) and *Thompson v. Fritsch*, 966 F. Supp 543 (E.D. Mich. 1997), where remand was granted, the defendants' pleadings were truly conclusory.  ("Based on allegations in the Complaint, Plaintiff alleges damages in excess of Seventy-Five Thousand dollars."  *National Nail Corp.*, 139 F. Supp. 2d 849.  "[T]he amount in controversy in said action, exclusive of interest and costs, exceeds the jurisdictional limits of this Court."  *Thompson*, 966 F. Supp at 544.)   In contrast, Defendant in this case went beyond a mere conclusory statement that the jurisdictional limit had been met, and pled specific facts supporting the claim.  Furthermore, in the Response to the Motion to Remand, Defendant stated that the sales in question were in the

3

hundreds of millions of dollars. Defendant's Response at 8. Contrary to Plaintiff's assertion, the Court may take this information into consideration.[2] In sum, Defendant has not made wholly conclusory statements about the amount in controversy, but rather pled specific facts in accordance with Local Rule 81.1(b)(2).

Plaintiff's signed statement of damages (which was not included with the original motion to remand, as required by Local Rule 81.1(d)) provides scant support for Plaintiff's position. Instead of a clear avowal that damages will not exceed $75,000, Plaintiff states "I estimate that the maximum amount of my damages, exclusive of interest and costs, *could range from $60,000 - $75,000 but should not exceed $75,000*." (emphasis added.) The facts pled by Defendant, coupled with the uncertainty of the Plaintiff, lead the Court to conclude the Defendant has sufficiently shown the amount in controversy to exceed $75,000.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Order of Remand is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2005

CERTIFICATE OF SERVICE

---

[2]Local Rule 81.1 specifically provides that "[i]f the notice of removal does not establish that the case meets the jurisdictional requirement, the court may issue an order to the defendant to show cause, either orally or in writing, why the case should not be remanded to state court," and "[t]he court will not enter an order to remand on the ground that the amount in controversy does not exceed the required jurisdictional amount without and opportunity to be heard." E.D. MICH. LR 81.1(c), (e).

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 2, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290