IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ASCIUTTO,

        Plaintiff,

v                                                  Case No. 2: 05cv72243
                                                          Honorable Lawrence P. Zatkoff

ALLIED WASTE SYSTEMS, INC.,
d/b/a GREAT LAKES WASTE SERVICES,
a Delaware corporation,

        Defendant.

_____

STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties, good cause existing for entry of this Order pursuant to FRCP 26(c) and the Court being otherwise duly advised in the matter;

IT IS HEREBY ORDERED as follows:

1.     For purposes of this Order, the noted terms shall have the following meanings:

    A.     The term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, limited liability companies, joint ventures, organizations and associations of any kind, or other artificial persons of any kind no matter how identified or how organized.

    B.     The term "document(s)" shall have the full meaning ascribed to it under FRCP 34(a).

    C.     The term "testimony" includes all deposition and discovery responses provided pursuant to the Federal Rules of Civil Procedure, including, but not limited to, FRCP 27, 30, 31, 33, 34, and 36.

    D.     The term "party" or "parties" includes corporate employees and representatives, persons within the "control group" of any corporate entity, and corporate entity representatives or agents involved in prosecution or defense of this action. Any such person who reviews a document covered by this Order shall be advised of and shown a copy of this Order and all such persons shall:

(i)     Be bound thereby;

(ii)     Except during a hearing, proceeding or trial in this action, or any proceeding civil or criminal, related to the transactions and/or occurrences giving rise to this

        action, or pursuant to an order issued by a court, not use such documents, testimony, or information for any purpose;

(iii)    Not disclose any such documents or testimony, including information derived therefrom, to any person other than a person who has received a copy of this Order; and,

(iv)    Upon termination of his or her connection with this action, return such documents, testimony, and information to the counsel who disclosed it in the first instance.

2.    This Order shall govern (i) all documents produced by and/or to any party in this action; (ii) all documents received from any non-party; (iii) all documents furnished to any party in this action at any time in order to settle it; and (iv) all testimony given in this action. This Order shall also govern all information derived from such documents and testimony, and all copies, excerpts, or summaries of documents, testimony, and information. This Order shall apply to the parties in this lawsuit and to all attorneys of record in this action and their agents, including, but not limited to, consulting or testifying experts engaged by any party or their attorneys in this action.

3.    All documents, testimony, and information obtained, produced, or disclosed by any party or non-party in this action are deemed confidential business documents, records, and information, with the designation as confidential being appropriate inasmuch as the documents, testimony, and information include business and financial records and information that are or may be confidential. Notwithstanding entry of this Order, all parties reserve the rights: (1) to raise objections to particular discovery requests; (2) to use documents, testimony, and information obtained for defense, prosecution, and purposes of this civil action; (3) to seek relief from this Order; and/or (4) to seek entry of a different or modified protective order.

4.    The parties to this action, their counsel and any recipients of documents, testimony, or information shall not use or disseminate any document, testimony, or information except as provided in this Order. Parties and their counsel shall not disclose, make available, or communicate any document, testimony, or information, or summaries of such information,

testimony, or documents, to any person other than parties to this action, except that counsel may disclose such information or documents to:

    A.     Clerical personnel directly employed by or retained by them in connection with this action;

    B.     The author, addressees, and recipients of a particular document;

    C.     The Court and any persons employed by it in connection with this action or in connection with any proceedings arising from or related to the transactions/occurrences giving rise to this action;

    D.     Deposition and trial transcript reporters;

    E.     Any person from whom testimony is or may be taken in this action, provided, however, that such information or documents may be disclosed to such persons only in the course of his or her testimony and that such person not retain such information or documents after his or her testimony is concluded; and

    F.     Expert witnesses and/or consultants retained by the parties for this case as are reasonably necessary for discovery or trial preparation, including clerical personnel directly employed by or retained by such expert witnesses or consultants; provided, however, that any such persons shall be advised of and shown a copy of this Order and shall:

(i)     Be bound thereby;

(ii)     Not use such documents, testimony, or information for any purpose other than in connection with the prosecution or defense of this action and other than in connection with any proceedings arising from or related to the transactions/occurrences giving rise to this action;

(iii)     Except during a hearing, proceeding or trial in this action, or any proceeding directly related to this action, or pursuant to an order issued by a court, not disclose any such documents, or testimony, including information derived therefrom, to any person other than a person who has received a copy of this Order; and

(iv)     Upon termination of his or her connection with this action, return such documents or information to the counsel who disclosed it in the first instance.

5.     The documents and testimony disclosed or provided in this action and the information contained therein shall be used solely as described in this Order.

6.     Nothing in this Order shall preclude counsel for the parties from offering the documents or testimony produced or provided in this action and the information contained

therein into evidence at any hearing, proceeding, or at trial in this action, provided that the parties reserve the right to object to the admissibility of documents and/or testimony proffered as evidence at any hearing, proceeding, or trial in this action for any reason other than confidentiality.  Nor shall counsel for any party be precluded from using or discussing any documents or testimony or information disclosed in accordance with this Order in any proceeding directly related to this action including, but not limited to, discovery, case evaluation, pre-trial hearings and motions, at trial, and on appeal.

|  |  |
|---|---|
|  | s/Lawrence P. Zatkoff<br>Lawrence P. Zatkoff<br>United States District Judge |
| s/ Krystal N. Lyons<br>Krystal N. Lyons (P61982)<br>Attorney for Plaintiff | Dated: May 25, 2006 |

s/ John A. Libby (w/consent)
John A. Libby (P33641)
Attorney for Defendant

4