UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS ASCIUTTO**

      **Plaintiff,**           **CIVIL ACTION NO. 05-CV-72243-DT**

vs.

         **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**ALLIED WASTE SYSTEMS, INC.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**d/b/a GREAT LAKES WASTE**
    **SERVICES.**

      **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DEEMING WITHDRAWN IN PART PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET # 14)**

On June 15, 2006 Plaintiff filed a Motion to Compel Responses to Request for Production of Documents (Docket #14). In said motion, Plaintiff also seeks sanctions in the amount of reasonable costs and attorney's fees. Defendant filed a response, to which Plaintiff replied. District Court Judge Lawrence P. Zatkoff referred this motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Both parties appeared through counsel for oral arguments on July 31, 2006. This motion is now before this Court.

**A.**    **Plaintiff's Motion to Compel**

Plaintiff seeks an order compelling Defendant to produce documents responsive to a Request for Production of Documents, which was served upon Defendant on October 7, 2005. Specifically, Plaintiff seeks documents responsive to his Request number 2, which

states:

> Please produce copies of sales records, invoices, contracts and any other documents relating to all products and/or services sold by Plaintiff, whether individually or in conjunction with other Great Lakes employees.

(Pl. Mot. to Compel at Ex. C, p. 5).

Defendant contends that it has already produced Plaintiff's monthly commission reports, which are responsive to this Request, and has otherwise properly objected to this Request on November 4, 2005.

At the July 31, 2006 hearing, Plaintiff's counsel argued that Plaintiff's monthly commission reports are not responsive to Request number 2 because they do not identify Plaintiff's customers or the amount of gross sales for each transaction he completed while employed by Defendant. Plaintiff's counsel then agreed to limit Request number 2 to seek only Plaintiff's service agreements related to each order procured by Plaintiff between April 23, 2003 and August 31, 2004. Defense counsel responded that Defendant had recovered some documents responsive to Plaintiff's narrowed Request number 2 but that it would be too burdensome to conduct any further searches due to the manner in which the requested documents are stored.

Upon consideration of the parties' motions and briefs, and the oral arguments presented, the Court does **GRANT IN PART** Plaintiff's Motion to Compel Responses to Requests for Production of Documents (Docket # 14) to the extent it seeks responses to Request number 2 as limited by Plaintiff's counsel at the July 31, 2006 hearing. The Court deems the remainder of Plaintiff's Motion to Compel to be **WITHDRAWN**.

Therefore, the Court **orders** the following:

1. Defendant will produce Plaintiff's service agreements that have already been recovered **on or before August 3, 2006**, which the parties agree are being produced pursuant to the existing protective order signed by Judge Zatkoff on May 25, 2006.

2. Defendant will supplement or amend its responses to Plaintiff's Request for Production of Documents Request number 2, as limited, **on or before August 3, 2006** to: (a) specifically state what documents it has produced either previously or in accordance with this Order, which are responsive to said Request; (b) describe in detail what good faith efforts Defendant has made to obtain the documents responsive to said Request; and (c) specifically identify those documents responsive to said Request which have not been obtained despite the described good faith efforts.

3. Plaintiff will review the service agreements provided by Defendant pursuant to this Order and Defendant's supplemental/amended responses to his Request for Production of Documents, Request number 2, as limited, and inform this Court and Defendant whether the documents obtained from Defendant satisfy said Request during the telephonic conference set for **August 7, 2006 at 10:00 a.m.**

4. If Plaintiff informs this Court and Defendant that the documents received by Defendant do not satisfy Request number 2, as limited, Defendant shall thereafter submit an affidavit from the appropriate individual(s) to support its position regarding why it would be too burdensome to conduct further searches for the documents sought by Plaintiff. The affidavit(s) shall state: (a) what searches for the requested documents have been conducted; (b) the manner in which said searches were conducted; (c) what searches have not been conducted for the requested documents; and (d) what procedures would need to be followed in order to obtain said documents.

**B.    Plaintiff's Motion for Sanctions**

Plaintiff also moves for sanctions against Plaintiff under Rule 37 of the Federal Rules of Civil Procedure. Specifically Defendant asks the Court for costs and attorneys fees incurred in relation to the instant motion to compel discovery. Plaintiff's counsel subsequently submitted a letter to this Court dated August 7, 2006 indicating Plaintiff

3

wishes to withdraw his motion for sanctions. The Court therefore deems Plaintiff's motion for sanctions **WITHDRAWN**.

**IT IS SO ORDERED.**

C.   **Notice to the Parties**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: 8/9/06                               s/ Mona K. Majzoub
                                            **MONA K. MAJZOUB**
                                            **UNITED STATES MAGISTRATE JUDGE**

**Proof of Service**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: 8/9/06                               s/ Lisa C. Bartlett
                                            **Courtroom Deputy**